[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON LEVY DRONEY AND VITALE'S MOTION FOR SUMMARY JUDGMENT #12 (CLAIM OF PLAINTIFF POLLOCK)
In this motion, defendants Levy Droney, P.C. ("Levy") and Joseph Vitale move for summary judgment on the claims made by plaintiff Tatiana Pollock in Counts 18, 32, 33, 48, 71, 72, 89 and 106 of the Amended Revised Complaint. Tatiana Pollock is alleged to have entered into a residence agreement with East Hill Woods on February 25, 1992. (Amended Revised Complaint, para. 129.)
Prior Dispositions
Summary judgment was granted in favor of Levy and in favor of Vitale in his capacity as legal counsel to East Hill Woods but denied in this court's prior rulings as follows:
Count 18 (Ruling on Motion for Summary Judgment #2)
 Count 32 (Ruling on Motion for Summary Judgment #3 and #5) (execution claims only)
Count 48 (Ruling on Motion for Summary Judgment #1)
Count 71 (Ruling on Motion for Summary Judgment #1)
Count 72 (Ruling on Motion for Summary Judgment #1)
 Count 89 (Ruling on Motion for Summary Judgment #4) (execution claims only)
 Count 106 (Ruling on Motion for Summary Judgment #4) (execution claims only)
The instant motion is therefore moot as to these counts, except as they apply to Vitale in his capacity as an officer and trustee of East Hill Woods. "Execution claims" are claims that the misrepresentation occurred with regard to documents relied upon before and in connection with the plaintiff's execution of a residence agreement; "post-execution claims" are claims of CT Page 12902 misrepresentation with regard to documents provided to the plaintiff after execution of that agreement.
Standard of review and procedural history
The court adopts the statement of the standard of review and the explanation of the procedural history of the case set forth in its ruling on Levy's and Vitale's Motion for Summary Judgment #1.
Counts 32, 33, 89 and 106
In Counts 32 and 33 plaintiff Pollock alleges that the movants intentionally misrepresented the financial condition of East Hill Woods, and in Counts 89 and 106 that they aided and abetted the misrepresentations of East Hill Woods in the documents on which Pollock relied in executing her residence agreement and in documents on which she relied thereafter. The movants seek summary judgment on the remaining portions of those counts on the ground that Pollock cannot prove reliance on the disclosures received.
On the issue of reliance for execution, the facts are in dispute. While this plaintiff did not have a specific recollection of receiving a disclosure statement when she signed her contract, there are documentary indications that she received the 1991 statement, and that she thought she gave this statement to her attorney, Jane Donovan, to review (Dep. Pollock p. 141). The movants argue that because Pollock testified that she did not have a "specific" recollection of the act of reading the disclosure statement, she cannot prove reliance. This plaintiff's testimony at her deposition and in her affidavit and discovery responses support a finding that she received the disclosure statement available at the time she signed her contract, gave it to her lawyer to review, and, as a result of her own review and her lawyer's, came to the conclusion that East Hill Woods was financially sound and therefore decided to enter into a contract. In effect, the movants ask this court to decide the facts concerning reliance, an undertaking not permitted in ruling on a motion for summary judgment. The submissions establish only that there is some evidence of reliance and that the determination whether that evidence satisfies the burden of proof will be for the trier of fact.
With regard to claims of post-execution misrepresentations, CT Page 12903 the movants claim that Pollock cannot prove reliance on any statements she received after the 1991 disclosure statement. Again, the facts are in dispute. Pollock has filed an affidavit in which she alleges that she received the 1994 financial disclosure statement that East Hill Woods was using with regard to later contracts, and that she relied on it in deciding to stay at the facility. The movants assert that because, at her deposition, Pollock could not recall looking at particular part of the document, she cannot establish reliance. The movants ask this court to rule on credibility and decide an issue of fact, tasks which the court cannot undertake in deciding a motion for summary judgment. The motion is denied both as to the execution claim and the post-execution claim.
The movants raise as an additional ground the claim that they did not substantially assist East Hill Woods in preparing the disclosure statement on which this plaintiff alleges she relied. They have not presented affidavits or other documents to establish what the facts are concerning their involvement.
Conclusion
Summary judgment has previously been granted in favor of Levy and in favor of Vitale as legal counsel as to Counts 18, 32 (execution claims only), 48, 71, 72, 89 and 106 and denied as to Vitale as a trustee and officer as to those counts.
The instant motion is denied with regard to these counts against Vitale as a trustee and officer and also as to Count 33.
The motion is denied as to the execution and post-execution claims in Counts 33, 89 and 106 and as to the remaining post-execution claims in Count 32 as to all movants.
Beverly J. Hodgson Judge of the Superior Court